UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH L. SILVERBURG                                                  PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:10-CV-48-R

TROY JUPITER et al.                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joseph L. Silverburg, filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff sues in their individual and official capacities Defendants Troy Jupiter, George Cox, and Cox & Cox Properties, and, in its official capacity, "Kentucky Probation and Parole." Plaintiff, who is on parole, resides at Fellowship House, a halfway house, in Louisville, Kentucky. He alleges that after a contract dispute arose, he filed suit against Defendant Jupiter in state court, and Defendant Jupiter retaliated against him by falsely and maliciously informing Plaintiff's parole officer that Plaintiff was not complying with the terms of his parole. He also alleges that Defendant Jupiter violated his rights when he told other halfway-house residents about the state-court civil action in an effort to endanger Plaintiff's life and safety at the halfway house.

*Claims against Kentucky Probation and Parole*

Plaintiff's only requested relief against Kentucky Probation and Parole is an injunction against its use of Fellowship House or any other halfway or transitional house owned and

operated by Cox & Cox Properties. The Court lacks subject matter jurisdiction over Plaintiff's claims against Kentucky Probation and Parole, an agency of the Commonwealth of Kentucky, by operation of the Eleventh Amendment to the U.S. Constitution. That Amendment specifically prohibits federal courts from entertaining suits brought directly against the states or its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002). None of these exceptions exist in this case.

Kentucky has not waived its immunity to suit in federal court. *See Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir. 2002). Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lewis v. Bd. of Educ. of Talbot County*, 262 F. Supp. 2d 608, 612 (D. Md. 2003). Finally, Plaintiff does not seek injunctive relief from a state officer as required for the *Ex Parte Young* exception to apply. *See*, *e.g.*, *Will*, 491 U.S. at 71 n.10 (noting that *officials* still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State").

Because Plaintiff's claim against Kentucky Probation and Parole is barred by the Eleventh Amendment, the Court will dismiss it under FED. R. CIV. P. 12(h)(3).

***Claims against Defendants Cox and Cox & Cox Properties***

Plaintiff does not allege any wrongdoing against him by either George Cox or Cox & Cox Properties. Some factual basis for claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must also explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so. As such, his claim against Defendants Cox and Cox & Cox Properties must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

***Claim against Defendant Jupiter***

Plaintiff alleges that Defendant Jupiter retaliated against him after he filed suit in state court arising out of a "contract dispute" alleging that Defendant Jupiter was encouraging halfway house residents to defraud the City of Louisville. According to Plaintiff, the form of retaliation was Defendant Jupiter's falsely and maliciously informing Plaintiff's parole officer that Plaintiff was not complying with the terms of his parole. He also alleges that Defendant Jupiter violated his rights when he told other halfway-house residents about Plaintiff's state-court civil action to endanger Plaintiff's life and safety at the halfway house. He does not explain how his life and safety were endangered by Defendant Jupiter's alleged statements. He requests monetary damages from Defendant Jupiter.

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Plaintiff does not allege that Defendant Jupiter is a state actor. However, reading Plaintiff's complaint liberally, it appears that Defendant Jupiter may be an employee of Fellowship House and that Fellowship House may have some sort of contractual relationship with a governmental entity. The claims against Defendant Jupiter will therefore be allowed to proceed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Kentucky Probation and Parole, George Cox, and Cox & Cox Properties will be dismissed by separate Order. The Court will enter a Scheduling Order to govern the further development of Plaintiff's claims against Defendant Jupiter. In doing so, the Court expresses no opinion as to the ultimate merit of those claims.

Date:



cc: Plaintiff, *pro se*
 Counsel of record
4413.009