UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-00048-TBR

**JOSEPH SILVERBERG**

v.

**TROY JUPITER**

# JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claim in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case against the defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

Mr. Silverberg and Mr. Jupiter may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable,

2

and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8)

3

members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1

### Introductory Instruction

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff Joseph Silverberg claims that Defendant Troy Jupiter, acting under color of state law as an employee of the Fellowship House, violated Silverberg's First Amendment rights by retaliating against Silverberg for filing a lawsuit against Jupiter in the Circuit Court of Jefferson County, Kentucky.

Jupiter denies that he was acting under color of state law or violated Silverberg's First Amendment rights.

## INSTRUCTION NO. 2

### Elements of a Section 1983 Action

In order to prevail on his section 1983 claim against Defendant Jupiter, Plaintiff Silverberg must prove each of the following elements by a preponderance of the evidence:

1. That Jupiter, as an employee of the Fellowship House, acted under color of law; and

2. That Jupiter's acts deprived Silverberg of his particular rights under the Constitution of the United States as explained in Instruction No. 4.

If you find Silverberg has proved each of these elements, and if you find that he has proved all the additional elements he is required to prove under Instruction No. 4, your verdict should be for Silverberg. If, on the other hand, Silverberg has failed to prove any one element in this instruction or in Instruction No. 4, your verdict should be for Jupiter.

## INSTRUCTION NO. 3.

### "Under Color of Law"

In determining whether Defendant Jupiter violated section 1983, the first question you must answer is whether Plaintiff Silverberg proved by a preponderance of the evidence that Jupiter, as an employee of the Fellowship House, acted "under color of law" in carrying out the actions alleged in this case.

Silverberg can prove that Jupiter, as an employee of the Fellowship House, was acting under "color of law" by showing that Jupiter's actions were "fairly attributable to the state." Silverberg can prove that Jupiter's actions were fairly attributable to the state under any one of these three tests:

1) The "Public Function" Test – Under the "public function" test, state action may be present when the private entity exercises powers traditionally exclusively reserved to the State. Silverberg must present evidence that, historically, the power exercised by the Fellowship House, and its employee Jupiter, is the type of power traditionally exclusively reserved to the state. State regulation of a private entity, even if it is extensive and detailed, is not enough to support a finding of state action. Also, even if the Fellowship House receives state funding, this fact, alone, would not render it, or Jupiter, a state actor.

2) The "State Compulsion" Test – Under the "state compulsion" test, Silverberg must prove that the state exercised such coercive power or provided such significant encouragement, either overtly or covertly, that Jupiter's actions were really that of the state. More than approval or acquiescence in the initiatives of Fellowship House is necessary.

7

3) The "Symbiotic Relationship or Nexus" Test – Under the "symbiotic relationship or nexus" test, the action of a private party constitutes state action when there is a "sufficiently close nexus" between the state and the challenged action of the regulated entity so that the action of the private entity may be fairly treated as that of the state itself. The state must be intimately involved in the challenged private conduct in order for that conduct to become attributable to the state for purposes of a section 1983 action. State regulation, even when extensive, is not sufficient to justify a finding of a close nexus between the state and the regulated entity. Neither public funding nor private property is enough to establish a close nexus between state and private actors. Finally, mere approval or acquiescence by the state in the decision of a private party does not constitute state action.

## INSTRUCTION NO. 4

### Particular Right - First Amendment

If you determine that Defendant Jupiter acted under color of law, you must then decide the second element of a section 1983 claim: whether Plaintiff Silverberg has proved by a preponderance of the evidence that Jupiter deprived him of particular rights under the Constitution of the United States. In this case, Silverberg alleges that Jupiter deprived him of his rights under the First Amendment of the Constitution by retaliating against Silverberg for filing a lawsuit against Jupiter in Jefferson County Circuit Court.

Under the First Amendment, a citizen has the right to petition the government for redress of grievances. This right includes the right to file lawsuits. It is a violation of section 1983 for a person acting under color of law to deprive a person of this right or to retaliate against him or her for exercising it. In order to prove that Jupiter deprived Silverberg of his First Amendment right to petition the government for redress, Silverberg must prove the following additional elements by a preponderance of the evidence:

1. That Silverberg exercised his right to petition the government for redress of grievances, which is conduct protected by the First Amendment;
2. That Jupiter took an adverse action against Silverberg; and
3. That Silverberg's decision to sue Jupiter in the Jefferson County Circuit Court was a substantial or motivating factor for Jupiter's adverse action against Silverberg.

# INSTRUCTION NO. 5

## Definition – "Substantial or Motivating Factor"

"Substantial or motivating factor," as used in Instruction No. 4, means a significant factor.

## INSTRUCTION NO. 6

### Definition - "Preponderance of the Evidence"

The term "preponderance of the evidence" has been used many times in these instructions and deserves some additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 7

### Compensatory Damages

If you find in favor of Plaintiff Silverberg, then you may award him such sum as you find will fairly and justly compensate him for any humiliation, pain, suffering, or mental anguish he suffered because he was subject to retaliatory action by Defendant Jupiter. You must note that just because you are receiving an instruction as to damages does not mean that the Court is expressing any opinion as to whether or not Jupiter should be held liable in this action.

Should you find that Silverberg is entitled to compensatory damages, any award you give must be fair compensation - no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## INSTRUCTION NO. 8

### Nominal Damages

If you find in favor of Plaintiff Silverberg, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find that Silverberg has proven that he suffered actual injuries, you must award compensatory damages as described in Instruction No. 7, rather than nominal damages.

## INSTRUCTION NO. 9

### Punitive Damages

If you find for Plaintiff Silverberg and award him compensatory or nominal damages, and if you are further satisfied by a preponderance of the evidence that Defendant Jupiter acted maliciously or wantonly in violating Silverberg's federally protected rights, you may in your discretion award punitive damages against Jupiter in addition to the other damages.

"Punitive damages" are awarded against a defendant for the purpose of punishing the defendant for its misconduct, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that Jupiter acted maliciously or wantonly in violating Silverberg's federally protected rights. A violation is "malicious" if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A violation is "wanton" if the person committing the violation recklessly or callously disregards the plaintiff's rights.

To award punitive damages, you must find that, by a preponderance of the evidence, Jupiter acted maliciously or wantonly in violating Silverberg's federal rights. However, an award of punitive damages is discretionary; that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award punitive damages. Remember, before you can award punitive damages, you must find that Jupiter acted maliciously or wantonly in violating Silverberg's federal rights.

Finally, should you choose to award punitive damages, the amount of the award should only be that amount which punishes Jupiter for harming Silverberg. You may not consider any

harm that may have been done to any other person that is not a party to this lawsuit.

## JURY VERDICT FORM

We, the jury, award Plaintiff Joseph Silverberg compensatory damages as described in Instruction No. 7 (Compensatory Damages) in the amount of: $ _____.
(Note: You may not award compensatory damages if finding that Plaintiff Silverberg should receive only nominal damages.)

We, the jury, award Plaintiff Joseph Silverberg nominal damages as described in Instruction No. 8 (Nominal Damages) in the amount of: $ _____.
(Note: You may not award nominal damages if finding that Plaintiff Silverberg should receive compensatory damages.  Additionally, if you award Plaintiff Silverberg nominal damages, such damages may only be in the amount of $1.00)

We, the jury, award Plaintiff Joseph Silverberg punitive damages as described in Instruction No. 9 (Punitive Damages) in the amount of: $ _____.

_____          _____
Foreperson Signature                    Date

17